UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JULES NGAMBO,

                Plaintiff,

        -against-

LISA PURCELL,

                Defendant.

22-CV-8550 (LTS)

ORDER OF DISMISSAL

LAURA TAYLOR SWAIN, Chief United States District Judge:

    Plaintiff, who is appearing *pro se*, brings this action under 15 U.S.C. § 1673, alleging that he was "subjected to a state court action that resulted in [his] payment of child support disregarding the strict mandated of 15 USC § 1673." (ECF No. 3 at 1.) By order dated October 19, 2022, the Court granted Plaintiff's request to proceed *in forma pauperis* (IFP), that is, without prepayment of fees.

## STANDARD OF REVIEW

    The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted),

has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief. Rule 8 requires a complaint to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## BACKGROUND

Plaintiff alleges that Defendant Lisa Purcell filed a petition in the Family Court of the State of New York, County of Westchester, for violation of a support order, resulting in his having to appear in Family Court on October 20, 2022. Plaintiff filed this complaint and an emergency motion for temporary injunction, seeking to have this Court enter an order staying: (1) "the proceedings in the Family Court of the State of New York, County of Westchester;" and (2) "child support collection(s)." (ECF No. 3 at 2.) He demands: (1) "an audit of the child support payments in contrast to his disposable earnings," and (2) an adjustment of the child support payments, and Equitable recoupment of and/or credit for excess payments made in the amount of approximately $87,000." (ECF No. 2 at 3.)

# DISCUSSION

Because Plaintiff alleges that Defendant violated his rights, the Court construes Plaintiff's claims as arising under 42 U.S.C. § 1983. To state a claim under Section 1983, a plaintiff must allege both that: (1) a right secured by the Constitution or laws of the United States was violated, and (2) the right was violated by a person acting under the color of state law, or a "state actor." *West v. Atkins*, 487 U.S. 42, 48-49 (1988).

### A.     Claims against Defendant

Plaintiff's claims against Defendant Lisa Purcell must be dismissed. A claim for relief under Section 1983 must allege facts showing that each defendant acted under the color of a state "statute, ordinance, regulation, custom or usage." 42 U.S.C. § 1983. Private parties therefore generally are not liable under the statute. *Sykes v. Bank of America*, 723 F.3d 399, 406 (2d Cir. 2013) (citing *Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295 (2001)); *see also Ciambriello v. Cnty. of Nassau*, 292 F.3d 307, 323 (2d Cir. 2002) ("[T]he United States Constitution regulates only the Government, not private parties."). As Defendant Lisa Purcell is a private party who is not alleged to work for any state or other government body, Plaintiff has not stated a claim against this Defendant under Section 1983.

### B.     Interference with State-Court Proceedings

The relief Plaintiff seeks is precluded by the Anti-Injunction Act and the domestic relations abstention doctrine.

#### 1.     Anti-Injunction Act

The federal Anti-Injunction Act provides that "[a] court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." 28 U.S.C. § 2283. "[A]ny injunction against state court proceedings otherwise proper . . . must

be based on one of the specific statutory exceptions [in the Act] if it is to be upheld." *Atl. Coast Line R.R. Co. v. Bhd. of Locomotive Eng'rs*, 398 U.S. 281, 287 (1970). State-court proceedings "should normally be allowed to continue unimpaired by intervention of the lower federal courts, with relief from error, if any, through the state appellate courts and ultimately [the United States Supreme Court]." *Id.* The Act "is an absolute prohibition against any injunction of any state-court proceedings, unless the injunction falls within one of the three specifically defined exceptions in the Act." *Vendo Co. v. Lektro-Vend Corp.*, 433 U.S. 623, 630 (1977).

Plaintiff has alleged nothing to suggest that one of the exceptions to the Act's prohibition against federal-court intervention into state-court proceedings applies or allows that relief. The Court therefore dismisses Plaintiff's claims for injunctive relief as prohibited by the Anti-Injunction Act.

    **2.**    **Domestic Relations Abstention Doctrine**

The domestic relations abstention doctrine requires this Court to abstain from exercising federal question jurisdiction of domestic relations issues, such as those implicated in Plaintiff's claims. In 1990, in *American Airlines, Inc. v. Block*, the United States Court of Appeals for the Second Circuit instructed federal district courts to abstain from exercising federal question jurisdiction of claims involving domestic relations issues, so long as those claims could be fully and fairly determined in the state courts. *See* 905 F.2d 12, 14 (2d Cir. 1990) (holding that federal district court should abstain from exercising its federal-question jurisdiction of claims in which it is "asked to grant a divorce or annulment, determine support payments, or award custody of a child . . . ." (internal quotation marks and citation omitted)).

Where a federal district court is "asked to grant a divorce or annulment, determine support payments, or award custody of a child," the court should abstain from exercising its jurisdiction of such claims if "there is no obstacle to their full and fair determination in [the] state

courts." *Id*. (internal quotation marks omitted); *see Ankenbrandt v. Richards*, 504 U.S. 689, 703 (1992) (recognizing a domestic relations exception to federal district courts' diversity jurisdiction of state court claims involving divorce, custody, and support).

In *Deem v. DiMella-Deem*, the Second Circuit held that federal district courts should abstain from exercising federal question jurisdiction of such claims as well. *See* 941 F.3d 618, 621 (2d Cir. 2019). Thus, "[a]lthough the domestic relations '*exception*' to subject matter jurisdiction recognized by the Supreme Court in *Ankenbrandt* . . . does not apply in federal-question cases, the domestic relations *abstention* doctrine articulated in *American Airlines* does." *Id.* (emphasis in original).

Here, Plaintiff asks this Court to intervene in family court proceedings in Westchester County. Plaintiff's allegations do not suggest, however, that he was denied a full and fair hearing in the state courts. The Court must therefore abstain from exercising its federal question jurisdiction of Plaintiff's claims arising from the issuance of state-court orders and their enforcement.[1] *See Deem*, 941 F.3d at 621-25 (affirming *sua sponte* dismissal under domestic relations abstention doctrine).

**C.   Request for Preliminary Injunctive Relief**

Plaintiff has filed an emergency motion requesting preliminary injunctive relief. To obtain such relief, Plaintiff must show: (1) that he is likely to suffer irreparable harm; and (2) either (a) a likelihood of success on the merits of his case, or (b) sufficiently serious questions

---

[1] Because there are proceedings pending in state court, Plaintiff's claims may also be barred by *Younger v. Harris*, 401 U.S. 37 (1971). When a family court proceeding that is "akin to a criminal proceeding" is ongoing, federal courts may be required to abstain, under the doctrine articulated in *Younger*, from adjudicating claims that interfere with such proceedings. *See Sprint Commc'n, Inc. v. Jacobs*, 571 U.S. 69, 79 (2013) (citing *Moore v. Sims*, 442 U.S. 415, 419-20 (1979) (applying *Younger* abstention where parents challenged ongoing proceedings to terminate their parental rights)).

going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly in his favor. *See UBS Fin. Servs., Inc. v. W.V. Univ. Hosps., Inc.*, 660 F. 3d 643, 648 (2d Cir. 2011) (citation and internal quotation marks omitted); *Wright v. Giuliani*, 230 F.3d 543, 547 (2000). Preliminary injunctive relief "is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Moore v. Consol. Edison Co. of N.Y., Inc.*, 409 F.3d 506, 510 (2d Cir. 2005) (internal quotation marks and citation omitted).

As set forth above, Plaintiff has failed to state a claim upon which relief may be granted and, furthermore, the relief Plaintiff seeks is precluded by the Anti-Injunction Act and the domestic relations abstention doctrine. The Court therefore finds that Plaintiff has failed to show (1) a likelihood of success on the merits, or (2) sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly in his favor. Accordingly, Plaintiff's request for preliminary injunctive relief is denied.

### D.   Leave to Amend is Denied

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123–24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend his complaint.

## CONCLUSION

Plaintiff's complaint, filed IFP under 28 U.S.C. § 1915(a)(1), is dismissed for failure to state a claim upon which relief may be granted and as barred by the Anti-Injunction Act and the domestic relations abstention doctrine.

Plaintiff's emergency motion for preliminary injunctive relief (ECF No. 3) is denied.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

The Clerk of Court is directed to enter judgment in this case

SO ORDERED.

Dated:   October 19, 2022
         New York, New York

                                           /s/ Laura Taylor Swain
                                             LAURA TAYLOR SWAIN
                                         Chief United States District Judge